UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Casper Franklin Brown, ]
      Petitioner, ]
]
]
v. ]
]
]
]
S. Mora Warden, ]
      Respondent, ]

Memorandum of Law, Facts and Authority
In support of Petitioner's Title 28 U.S.C. § 2241
For the Correction of Sentence

    Comes Now, the undersigned petitioner in the above case, hereinafter petitions this Honorable Court for writ of habeas corpus pursuant to title 28 U.S.C. § 2241 for the correction of sentence.

### Count one

    The Grand Jury charges that: On or about December 29, 2000, in Appling County, in the Southern District of Georgia, the defendant, Casper Franklin Brown, did knowingly and intentionally possess with intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine hydrochloride (powder), Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1).

### Counts Two-six

    The Grand Jury further charges that: On or about the following date, in Appling County, in the Southern District of Georgia, the defendant, Casper Franklin Brown, did knowingly

(1)

and intentionally distribute the following quantities of cocaine base (crack), a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)

(2) December 29, 2000 A quantity of cocaine base (crack)

(3) December 21, 2000 A quantity of cocaine base (crack)

(4) July 28, 2000 5 grams or more of cocaine base (crack)

(5) July 24, 2000 5 grams or more cocaine base (crack)

(6) 5 grams or more cocaine base (crack)

## JURISDICTION

Jurisdiction of this case is vested in this court by Title 28 U.S.C. § 2241, for the purpose of the correction of the petitioner sentence. A petition under section 2241 is available for federal prisoners to attack their conviction and sentence when a motion under section 2255 is "Inadequate or Ineffective to test the legality of a conviction." See example in, Swain v. Pressley, 430 U.S. 372, 381 (1977).

### Statement of Case

On or about November 9, 2001, the petitioner was arrested by the Miami Dade Police Department for an outstanding fugitive warrant. This warrant was issued by the United States Marshal's office, for the state of Georgia. Whereby placing a held on the petitioner, so that he could not receive a bail. The petitioner was also booked on charges of a convicted felon in possession of a firearm and possession with intent to distribute cocaine base for the state of Florida. But in the middle of fighting these charges, the petitioner was picked up by the Marshals on March 13, 2000, five (5) days after the indictment was issued in Georgia.

(2)

In the instance case, the petitioner indictment was not issued until March 13, 2002. The United States Marshals should have never put a hold on the petitioner. Petitioner was arraigned on federal charges on April 3, 2002.

On or about July 9, 2002, the petitioner was sentence to 200 months. And immediately returned to the state of Florida to face the charges pending there. Soon after arrival the petitioner was sentence to three (3) years. The judge stated that this sentence was to run concurrent with the federal sentence. The petitioner was then sent to state prison. Later the petitioner state sentence was revoked, and he was rebooked. Eventually the petitioner received 20 months time served and sent to the Bureau of Prisons.

### Statement of Facts

This case involves two different sentences. One of the sentence is for the United States District Court, in Georgia. Where the petitioner was sentence too 200 months. The other sentence is a state charge in the state of Florida. Inwhich the petitioner was sentence to three (3) years. This state judge in this case asked that this case be ran concurrent with the federal sentence. The judge also stated, "If you have any problems with this sentence running concurrent contact the Public Defenders Office, and we will get you back in court to straighten it out."

After the petitioner contacted the Public Defenders Office, the Judge later revoked the sentence and the petitioner was re-booked over. Eventually the petitioner received 20 months. This amounted to time served, to allow the petitioner

(3)

to go to start his federal sentence.

When the petitioner finally arrived in the Bureau of Prisons, he was told by the administration that his time was not running concurrent, but consecutively. And the one year statute of limitation for filing a 2255 attacking a sentence had expired. This therefore leave the petitioner to file this 2241.

## ARGUMENT

In the case at bar, the petitioner states the following: On or about November 9, 2001, the petitioner was arrested the Miami Dade Police Department on a outstanding fugitive warrant for the United States Marshals office in Brunswick Georgia. A federal hold was place on the petitioner at that time. On July 9, 2002, the petitioner was sentenced too 200 months.

On or about November of 2002 the petitioner was sentence in Florida for the pending state charges, and was sentenced to three (3) years. The judge stated that this state sentence was to run concurrent with the petitioner federal sentence. The petitioner soon found out that his state sentence was not running with his federal sentence. The petitioner contacted the Public Defenders Office to let then know that his sentence was not running with his federal sentence. The public defender office contacted the judge and the petitioner was re-sentence to two (2) years time served. When the petitioner arrived in the Bureau of Prisons after all of the state judge effort to get the state sentence to run concurrent with the federal sentence was at a lost.

United States Court of Appeals for the Eleventh Circuit

has explained that the U.S.Sentence Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times. Stating that when a defendant is sentence for one offense while serving an undischarged term of imprisonment for another, unrelated, offense, the sentence may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the defendant's offense. U.S.Sentencing Guidelines Manual 5G1.3(c). In determining whether to impose a consecutive sentence, the district court must consider the 3553 (a) factor, the type and length of the prior sentence, the time likely to be served on the prior sentence, the court that imposed the prior sentence, and any other relevant circumstances.

In the instance case, the United States Marshals placed a hold the petitioner upon arrival to the Miami Dade Police Department on November 9, 2001. The petitioner was not picked up by the Marshals until March 13, 2002 Five (5) days after the indictment was issued.

In **United States v. Williams** (2002,CA11 Fla) 309 F.3d 762,15 FLW Fed C 1115, reh gr, vacated (2002, CA11 Fla) 314 F.3d 552, 16 FLW Fed C 11 and op withdrawn, Drug conviction was vacated, since indictment was not filed with 30 days of arrest; indictment should have been dismissed without prejudice, despite delay, because charged were serious.

18 U.S.C.S. § 3161 (b) Any information or indictment charging an individual with the commission of an offense shall

(5)

be filed with thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty day period, the period of time for filing of the indictment shall be extended an additional thirty days.

As mentioned Ibid, the petitioner was sentence too 200 months for the United States District Court of Georgia, July 9, 2002. And on or about November of 2002 was sentence by the state of Florida on state charges. The judge in the state court stated that this sentence was to run concurrent with the federal sentence.

When sentences are imposed at different times, **18 U.S.C.S. §3584(a)** only authorizes a court to determine whether a sentence should be consecutive or concurrent if the defendant is already subject to an undischarged term of imprisonment. Another sentence must exist at the time a district court imposes its sentence; a court cannot impose its sentence consecutively to a sentence that does not yet exist.

The District Court in Georgia did not have authority to order that its sentence be consecutive to any future sentence. The Judge in the state of Florida ran the petitioner state sentence to the federal sentence. **18 USCS § 3584 (a)** states, "Only authorizes a court to determine whether a sentence be consecutive or concurrent." Does this rule only apply to Federal Judges?" If not, the state Judges authorizes that the petitioner's state sentence is to be ran concurrent to his federal sentence. Inwhich clearly violated the petitioner Right"s.

(6)

(7)

## CONCLUSION

Wherefore, base upon the following, the petitioner prays that this Honorable Court will grant this writ of habeas corpus pursuant to title 28 U.S.C. § 2241 to correct the petitioner sentence.

Respectfully submitted this 26 day of June 2013.

*(signature)*
Casper Franklin Brown #11044-021
Federal Prison Camp Estill
100 Prison Road P.O.Box 699
Estill, South Carolina 29918

Under penalty of perjury the petitioner states that the facts contain within are true and correct to the best of his knowledge and belief.

Respectfully submitted

Date 6/26/13                                *(signature)*